

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72190-9-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| SALLYEA O. McCLINTON, | ) ) | |
| Appellant. | ) ) ) | FILED: July 27, 2015 |

APPELWICK, J. — McClinton was convicted in 1997 for three crimes he committed in 1995. The trial court imposed a prison sentence followed by 24 months of community custody. After he was released from prison, McClinton failed to enroll in GPS monitoring when his community corrections officer instructed him to do so. The trial court entered an order modifying McClinton's sentence after he failed to enroll in GPS monitoring, imposing 60 days of confinement. McClinton appeals the order modifying his sentence. He argues that the trial court erred when it sanctioned him for failing to enroll in GPS monitoring when it was not an explicit condition imposed by the court in his judgment and sentence and was instead a condition imposed by the DOC. We affirm.

FACTS

In 1997, Sallyea McClinton was convicted of three offenses he committed in 1995: first degree rape while armed with a deadly weapon, attempted rape in the first degree, and first degree burglary. McClinton was sentenced to 226 months in confinement. And, the court imposed 24 months of community custody. Seventeen conditions of community custody were appended to McClinton's judgment and sentence, many of which required McClinton to work with and report to a community corrections officer (CCO) employed by the Department of Corrections (DOC). McClinton was released and began his term of community custody in June 2013.

On September 6, 2013, McClinton's sentence was modified and the court imposed 120 days in confinement—60 days each for two violations of community custody conditions. On February 12, 2014, McClinton's sentence was again modified and the trial court imposed 240 days in confinement—60 days each for four violations of community custody conditions. One of the violations was listed as "[f]ailure to enroll in GPS [(global positioning system)] monitoring."

On April 28, 2014, McClinton reported to his CCO after being released from custody. The CCO made an appointment with McClinton to come back on April 30 so that the CCO could collect a urine sample and install a GPS unit on him. McClinton did not appear on April 30. On May 6, McClinton's CCO filed a notice of violation.

On May 29, after conducting a hearing, the trial court found that McClinton violated five conditions of community custody. Once again, one of the violations was listed as failure to enroll in GPS monitoring as directed. Consequently, the trial court imposed 60

2

days of confinement for each violation to run consecutively for a total of 300 days. McClinton appeals.

## DISCUSSION

McClinton contends that the court was without authority to sanction him for failing to submit to GPS monitoring, because GPS monitoring is a condition of community custody that the DOC lacks the authority to impose. McClinton claims that the statutory framework of former RCW 9.94A.120 (1995)—as it existed at the time of McClinton's offenses—evinced legislative intent that the trial court, not the DOC, had exclusive discretion regarding community custody conditions.

After McClinton's sentence was modified in February 2014, he appealed making the same argument he now makes again in this appeal. McClinton's earlier appeal was recently decided by this court in State v. McClinton, 186 Wn. App. 826, 347 P.3d 889 (2015).

After stating that the issue was technically moot, because McClinton had already served the term of confinement imposed for the community custody condition violation, the McClinton court exercised its discretion to reach the issue. Id. at 829. It concluded that the relevant statutes in 1995 authorized the DOC to impose GPS tracking if necessary to monitor offender compliance with the geographical limitations imposed by the court as conditions of community custody. Id. at 834-35, 828. The court reasoned that at least two of the community custody conditions imposed by the trial court in McClinton's 1997 judgment and sentence prescribed geographical boundaries. Id. at 836. Consequently, the McClinton court held that McClinton's assigned CCO had the

authority to instruct McClinton to submit to GPS monitoring, and that the trial court properly sanctioned McClinton for his refusal to submit to GPS monitoring. Id.

We agree with that decision. Both the February 12, 2014 sentence modification order and the May 29, 2014 sentence modification order at issue here were based on the original sentencing conditions from McClinton's 1997 convictions. Both orders sanctioned him for failure to enroll in GPS monitoring. And, it is only the sanction for the failure to enroll in GPS monitoring that McClinton is challenging on appeal. That issue has already been squarely decided by this court.

We affirm.

_Appelwick, J._

WE CONCUR:

_Dwyer, J._    _Becker, J._

4